J-S39017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| F.F. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| V. | : | |
| | : | |
| R.A.L. | : | |
| | : | |
| Appellant | : | |
| | : | |
| | : | No. 961 EDA 2019 |

Appeal from the Order Entered February 27, 2019
In the Court of Common Pleas of Monroe County Civil Division at No(s):
139 DR 2015,
9167 CV 2017

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:

**FILED NOVEMBER 1, 2019**

The trial court awards Father for his status as an illegal immigrant, as well as for his own conduct in making no effort for over six years to obtain a valid Pennsylvania driver's license. The Majority affirms the trial court's extraordinary finding, insufficient weight on Father's illegal immigration status and misplaced conclusion that Father's lack of a driver's license "impairs" Father's relationship with the child.  As such, I respectfully dissent.

I would find the conclusions of the trial court are unreasonable and not in the best interest of the child.  **See** 23 Pa.C.S.A. § 5328(a) (pertaining to custody factors); 23 Pa.C.S.A. § 5337(h) (pertaining to relocation factors).  In

---

[*] Former Justice specially assigned to the Superior Court.

2012, Father was cited for driving without a license and was on notice to rectify his illegal immigration status. He made no effort to do so and now uses his lack of a driver's license as a weapon against Mother's relocation to Montgomery County. Father has no problem commuting to New York City each day, a distance of approximately seventy-eight miles, yet complains he cannot travel approximately thirty-five miles. This Court should not put a stamp of approval for such conduct on the part of Father.

Moreover, as confirmed by the trial court's *interim* order, and undisputed by the parties, in an effort to mitigate Father's failure to secure a proper driver's license, Mother took it upon herself to encourage child's continued contact and relationship with Father by driving the child to Monroe County to facilitate custody exchanges after she moved to Montgomery County. **See** Order, 10/30/18; 23 Pa.C.S.A. § 5328(a) (pertaining to custody factors); 23 Pa.C.S.A. § 5328(a) (pertaining to relocation factors).

It should be noted on several occasions Father concealed information on a blank criminal record/abuse history verification form. The record shows incidents of domestic violence, and Mother had obtained a Protection From Abuse Order against Father by agreement and without admission in February, 2015.

Based upon the above, concerning the relocation, the trial court misapplied the law and fashioned conclusions that are manifestly

unreasonable in light of the evidence presented. ***V.B. v. J.E.B.***, 55 A.3d 1193 (Pa.Super. 2012) (setting forth our standard of review in child custody cases).

Respectfully, I dissent and would reverse the trial court's order of February 27, 2019, deny Father's Objection to Relocation, grant Mother's request to relocate to Montgomery County, and remand for the trial court to fashion an appropriate visitation schedule for Father.